```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OBATAIYE MASSEY,

                    Plaintiff,
                                           ORDER
          -against-                        18-CV-0842(JS)(SIL)

N.Y. STATE PAROLE, Post Release
Supervision, and N.Y.S. PAROLE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Obataiye Massey, pro se
                   18A2714
                   Mohawk Correctional Facility
                   6514 Rt. 26
                   P.O. Box 8451
                   Rome, NY 13442

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On February 7, 2018, incarcerated pro se plaintiff Obataiye Massey ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against N.Y.S. Parole ("Defendant"). However, Plaintiff did not pay the filing fee nor did he file an application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency also dated February 7, 2018, (see Docket Entry 2), Plaintiff was instructed to either remit the filing fee or complete and return the enclosed application to proceed in forma pauperis and PLRA in order for the case to proceed. On February 20, 2018, Plaintiff, who has several cases

pending in the Court, filed a letter without a docket number or caption and inquiring about the status of his "appeal". (See Docket Entry 6.) In an abundance of caution, the Court docketed the letter in each of Plaintiff's cases and sent Plaintiff updated copies of the docket sheets in each case. (See Docket Entry 7.)

Notwithstanding Plaintiff's failure to comply with the Court's instructions, by Order dated June 6, 2018 (the "June Order"), Plaintiff was again ordered to remit the filing fee or file an application to proceed in forma pauperis, within thirty (30) days from the date of the June Order, together with the PLRA if he intended to proceed with this case. (See June 6, 2018 Order, Docket Entry 10.) On June 14, 2018, Plaintiff filed an application to proceed in forma pauperis together with the PLRA. (See IFP Mot., Docket Entry 13.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

BACKGROUND

Plaintiff's brief Complaint is submitted on the Court's

Section 1983 complaint form and alleges, in its entirety:[1]

> On February 28, 2016 I was ordered to state parole, post release from a sentence of 4 year 5 years post-release to N.Y.S. Parole at 550 Johnson Ave, Bohemia N.Y. 11716. Post release parole is a violation of various due process laws. I am entitled to claim of relief serving 4 years imprisonment sentenced by Hon. James Hudson of Suffolk County. I am serving 5 years post release to which is double jeopardy. State parole procedures are unconstitutional and I am seeking declaratory and injunctive relief of post release supervision of 5 years.

(Compl. ¶ IV.) As a result of the foregoing, Plaintiff claims to "suffer from depression, anxiety, and severe stress" for which he seeks an order of "immediate or speedier release into the community." (Compl. ¶¶ IV.A.-V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[1] All material allegations in the Complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

4

recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Immunity

Plaintiff names "N.Y.S. Parole" as the sole Defendant. The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L. Ed. 2d 636 (1999)). It is well-established that, as an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto

5

Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L. Ed. 2d 605 (1993) (citation omitted).

As is readily apparent, Plaintiff's claims against the Defendant are barred by the Eleventh Amendment and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).[2]

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED. However, Plaintiff may pursue any valid claims he may have against the Defendant in state court.

---

[2] Moreover, given that the only relief sought is Plaintiff's "immediate or speedier release", his Section 1983 claims fail for the additional reason that such relief is not available under Section 1983. The exclusive avenue for such relief is a properly filed petition seeking a writ of habeas corpus pursuant 29 U.S.C. § 2254. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

6

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A (b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: January  10 , 2019
       Central Islip, New York